UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTINA PONCE,<br><br>         Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>         Respondent. | Case No.: 14cv01301 JAH<br>Criminal No. 09cr04424 JAH<br><br>**ORDER DENYING PETITIONER'S MOTION TO AMEND AND DENYING PETITIONER'S MOTION TO VACATE** |

Petitioner Martina Ponce, proceeding *pro se*, filed a motion challenging her conviction and sentence under 28 U.S.C. section 2255. Respondent opposes the motion. Petitioner also seeks to amend her petition to assert a new ground for relief. After a thorough review of the record and the parties' submissions, and for the reasons set forth below, this Court DENIES Petitioner's motion to amend and DENIES Petitioner's motion to vacate.

## BACKGROUND

On February 22, 2011, a grand jury issued an nine count second superseding indictment charging Petitioner with conspiracy in violation of Title 18 U.S.C. section 371; bringing in illegal aliens for financial gain in violation of Title 8 U.S.C. section

1

1324(a)(2)(B)(ii); bringing in aliens without presentation in violation of Title 8 U.S.C. section 1324(a)(2)(B)(iii); aiding and abetting in violation of Title 18 U.S.C. section 2; and transportation of illegal aliens and aiding and abetting in violation of Title 8 U.S.C. sections 1324(a)(1)(A)(ii) and (v)(II).

On September 16, 2011, a jury convicted Petitioner on all nine counts of the indictment. At the sentencing hearing, this Court sentenced Petitioner to 95 months imprisonment followed by three years of supervised release.

Petitioner appealed her conviction, and the Ninth Circuit Court of Appeals affirmed. Thereafter, Petitioner filed a motion for appointment of counsel to file a motion to vacate under 28 U.S.C. section 2255 and, later, filed the instant motion to vacate. Respondent filed an opposition and Petitioner filed a reply. Petitioner, later, filed a motion to amend her petition to assert an additional ground.

## DISCUSSION

**I. Motion to Amend**

Rule 12 of the Rules Governing Section 2255 Proceedings provides that the Federal Rules of Civil Procedure may be applied to 28 U.S.C. section 2255 proceedings. Rule 15 of the Federal Rules of Civil Procedure provides that the filing of an amended complaint after a responsive pleading has been filed may be allowed by leave of court. FED.R.CIV.P. 15(a). Rule 15(a) favors a liberal policy, however leave to amend is not granted automatically. See Zivkovic v. Southern Cal. Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002). When determining whether to allow amendment, courts consider prejudice to the opposing party, undue delay, bad faith, and futility. See DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987); see also Foman v. Davis, 371 U.S. 178, 182 (1962). "Futility of amendment can, by itself, justify the denial of a motion for leave to amend." Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995).

Petitioner seeks to amend her petition to include a claim based upon the decision in Johnson v. United States, 135 S.Ct. 2251 (2015). In Johnson, the Court held that the

2

"residual clause" of the Armed Career Criminal Act ("ACCA"), which authorized a sentence enhancement based on a finding that a defendant's prior conviction "present[ed] a serious potential risk of physical injury to another," was unconstitutionally vague and could not be relied upon to enhance a sentence. Petitioner was not sentenced under the ACCA. Accordingly, Johnson is not applicable and amendment would be futile. Petitioner's motion to amend is DENIED.

## II. Motion to Vacate
### A. Legal Standard

A section 2255 motion may be brought to vacate, set aside or correct a federal sentence on the following grounds: (1) the sentence "was imposed in violation of the Constitution or laws of the United States," (2) "the court was without jurisdiction to impose such sentence," (3) "the sentence was in excess of the maximum authorized by law," or (4) the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255(a).

### B. Analysis

Petitioner asserts four grounds for relief: (1) the Court erred in instructing the jury in violation of her Fifth and Sixth Amendment rights, (2) the Court abused its discretion by applying a nine-level increase under U.S.S.G. section 2L1.1(b)(2)C); (3) the Court erred when it enhanced Petitioner's sentence based on unsubstantiated evidence under Alleyne v. United States, 133 S.C.t 2151 (2013); and (4) she received ineffective assistance of counsel.

Respondent argues grounds 1, 2 and 4 are time-barred; grounds 1 and 2 were previously rejected by the Ninth Circuit; Alleyne does not apply to Petitioner's case; and Petitioner has not established ineffective assistance of counsel.

### 1. Time-Barred

Respondent contends Grounds 1, 2 and 4 are time-barred because they were filed beyond the one year limitations period. Respondent maintains Petitioner can offer no justification for filing late because she presented Grounds 1 and 2 to the Ninth Circuit on

direct appeal, and the events relating to her ineffective assistance of counsel claim occurred in May 2010 and, as she contends, culminated in her conviction in September 2011.

Petitioner does not address this argument in her reply.

Section 2255 has a one year limitations period. 28 U.S.C. § 2255(f). The limitations period generally runs from the date on which the judgment of conviction becomes final. When, as here, a petitioner's conviction is affirmed on appeal, the conviction becomes final when the time for filing a petition for certiorari expires. Clay v. United States, 537 U.S. 522 (2003). A petition for writ of certiorari must be filed within 90 days after entry of judgment. Sup. Ct. R. 13. The Ninth Circuit issued its memorandum on February 15, 2013. As such, Petitioner's judgment became final on May 16, 2013.[1] Petitioner filed the pending motion to vacate on May 16, 2014[2], within the one year limitations period. Accordingly, the Grounds 1, 2 and 4 are not time-barred.

**2. Previously Rejected by the Ninth Circuit**

Defendant contends Petitioner cannot re-litigate Grounds 1 and 2 that were raised before and rejected by the Ninth Circuit. Petitioner does not address this argument.

Grounds 1 and 2 were raised on direct appeal and rejected, and are, therefore, not subject to review in a section 2255 motion. United States v. Redd, 759 F.2d 699, 701 (9th Cir. 1985).

**3. Ground 3**

Petitioner contends her sentence should be vacated in light of Alleyne. She maintains the Court applied an enhancement to her sentence for statements she made during

---

[1] "The time to file a petition for writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate." Sup.Ct. R. 13.3.

[2] Under the prison mailbox rule, a section 2255 motion is deemed filed by an incarcerated litigant on the date she delivers it to prison authorities for forwarding to the court clerk. Houston v. Lack, 487 U.S. 266, 276 (1988).

4

a meeting with the government without entering into a Proffer Agreement and that were not alleged in the criminal indictment or found true beyond a reasonable doubt by the jury.

Respondent argues Alleyne does not apply to this case because it did not create a new constitutional rule retroactively applicable to cases on collateral review.

In Alleyne v. United States, 133 S.Ct. 2151 (2013), the Supreme Court held that the Sixth Amendment right to trial by jury requires a jury to determine facts that increase a mandatory minimum sentence. However, the Ninth Circuit has determined Alleyne does not apply retroactively to cases that became final before the decision was announced.[3] Hughes v. United States, 770 F.3d 814 (9th Cir. 2014). Therefore, Petitioner is not entitled to relief on this ground.

**4. Ground 4**

Petitioner's asserts a claim for ineffective assistance of counsel in Ground 4. Specifically, she argues her counsel was ineffective in not entering into a Proffer Agreement before having Petitioner meet with the government and giving a statement. Defendant argues Petitioner fails to establish ineffective assistance of counsel because she does not demonstrate her attorney's performance was deficient and she cannot show prejudice.

The Sixth Amendment to the United States Constitution provides that every criminal defendant has the right to effective assistance of counsel. In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court articulated the test for determining whether a criminal defendant's counsel rendered constitutionally ineffective assistance. To sustain a claim of ineffective assistance, a petitioner has the burden of showing (1) that his or her defense counsel's performance was deficient, and (2) that the deficient performance prejudiced his or her defense. Id. at 690-92; Hendricks v. Calderon, 70 F.3d 1032, 1036 (9th Cir. 1995). Petitioner must prove both elements. The court may reject her claim upon finding either

---

[3] Alleyne was decided on July 13, 2013.

5

that counsel's performance was reasonable or that the claimed error was not prejudicial. Strickland, 466 U.S. at 697.

The record demonstrates there was overwhelming evidence presented at trial to support her conviction. As such, Petitioner fails to demonstrate prejudice to prevail on a claim for ineffective assistance of counsel.

## III. Certificate of Appealability

Pursuant to Rule 11 of the Rules following 28 U.S.C. § 2254, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" in Section 2255 cases such as this action. A habeas petitioner may not appeal the denial of a Section 2255 habeas petition unless he obtains a certificate of appealability from a district or circuit judge. 28 U.S.C. § 2253(c)(1)(A); see also United States v. Asrar, 116 F.3d 1268, 1269-70 (9th Cir. 1997) (holding that district courts retain authority to issue certificates of appealability under AEDPA). A certificate of appealability is authorized "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To meet this threshold showing, a petitioner must show that: (1) the issues are debatable among jurists of reason, (2) that a court could resolve the issues in a different manner, or (3) that the questions are adequate to deserve encouragement to proceed further. Lambright v. Stewart, 220 F.3d 1022, 1025-26 (9th Cir. 2000) (citing Slack v. McDaniel, 529 U.S. 473 (2000); Barefoot v. Estelle, 463 U.S. 880 (1983)).

Based on this Court's review of the record, this Court finds no issues are debatable among jurists of reason and no issues could be resolved in a different manner. This Court further finds that no questions are adequate to deserve encouragement to proceed further. Therefore, Petitioner is not entitled to a certificate of appealability.

## CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED:

1. Petitioner's motion to amend is **DENIED**;

2. Petitioner's motion vacate, set aside or correct her sentence is **DENIED**;

3. Petitioner's motion for appointment of counsel is **DENIED**;

4. Petitioner's motion requesting disposition and motion requesting summary judgment are **DENIED as moot**;

5. Petitioner is **DENIED** a certificate of appealability.

DATED: September 27, 2017

_____
JOHN A. HOUSTON
United States District Judge